THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR LETTER DATED AUGUST 8, 1989. PLEASE UNDERSTAND, HOWEVER, THAT THIS LETTER IS NOT A FORMAL, BINDING OPINION OF THE ATTORNEY GENERAL, AS SUCH A FORMAL OPINION HAS NOT BEEN REQUESTED BY YOU. RATHER, THIS RESPONSE SHOULD BE CONSIDERED AS AN INFORMAL LETTER BY THE AUTHOR TO YOU.
IN YOUR LETTER YOU INQUIRE, IN EFFECT:
 IS A FIRE PROTECTION DISTRICT REQUIRED TO TERMINATE THE EMPLOYMENT OF THE SON OF A RECENTLY ELECTED BOARD MEMBER, WHERE THE SON WAS PREVIOUSLY EMPLOYED BY SUCH FIRE PROTECTION DISTRICT PRIOR TO THE ELECTION OF THE BOARD MEMBER?
 TITLE 21 O.S. 481 (1981) SETS FORTH OKLAHOMA'S PROVISIONS GENERALLY REGULATING NEPOTISM IN GOVERNMENTAL ENTITIES. SECTION 481 PROVIDES:
 "IT SHALL BE UNLAWFUL FOR ANY EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER TO APPOINT OR VOTE FOR THE APPOINTMENT OF ANY PERSON RELATED TO HIM BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE, TO ANY CLERKSHIP, OFFICE, POSITION, EMPLOYMENT OR DUTY IN ANY DEPARTMENT OF THE STATE, DISTRICT, COUNTY, CITY OR MUNICIPAL GOVERNMENT OF WHICH SUCH EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER IS A MEMBER, WHEN THE SALARY, WAGES, PAY OR COMPENSATION OF SUCH APPOINTEE IS TO BE PAID OUT OF THE PUBLIC FUNDS OR FEES OF SUCH OFFICE. PROVIDED, HOWEVER, THAT FOR THE PURPOSES OF THIS CHAPTER, A DIVORCE OF HUSBAND AND WIFE SHALL TERMINATE ALL RELATIONSHIP BY AFFINITY THAT EXISTED BY REASON OF THE MARRIAGE, REGARDLESS OF WHETHER THE MARRIAGE HAS RESULTED IN ISSUE WHO ARE STILL LIVING."
THE QUESTION YOU POSE DEALS WITH A PERSON WHO HAS BEEN ELECTED TO THE BOARD OF A FIRE PROTECTION DISTRICT, AND WHOSE SON IS AND HAS BEEN PREVIOUSLY EMPLOYED BY SUCH FIRE PROTECTION DISTRICT. A SIMILAR QUESTION WAS ANSWERED BY ATTORNEY GENERAL OP. NO. 88-045. THAT OPINION STATED; IN THE EVENT A PERSON IS ELECTED TO THE POST OF COUNTY COMMISSIONER, PERSONS WHO ARE RELATIVES IN THE THIRD DEGREE OF CONSANGUINITY OR AFFINITY TO THAT OFFICER, AND WHO ARE THEN ALREADY COUNTY EMPLOYEES SERVING ON A "CONTINUOUS" OR "MONTH TO MONTH" BASIS, ARE NOT REQUIRED TO RESIGN THEIR POSITIONS OR EMPLOYMENTS MERELY BECAUSE OF SUCH EMPLOYMENT.
THAT OPINION ALSO NOTED THAT WHILE 21 O.S. 481 WAS NOT INTENDED TO ADDRESS SITUATIONS INVOLVING THE CONTINUED EMPLOYMENT OF A PUBLIC EMPLOYEE ALREADY ON THE PUBLIC PAYROLL IN THEIR THEN CURRENT POSITION; IT WOULD PROHIBIT SUCH EMPLOYEES FROM EVER BEING CONSIDERED FOR RAISES, LATERAL TRANSFERS OR PROMOTIONS WHILE THE RELATIVE IN QUESTION IS IN OFFICE AND PART OF THE PROCESS THAT WOULD HAVE TO BE ENGAGED IN TO APPROVE SUCH PROMOTIONS ETC. A.G. OP. NO. 88-045 STATED THAT SUCH A CHANGE IN JOB RESPONSIBILITIES OR COMPENSATION WOULD CONSTITUTE A NEW APPOINTMENT.
YOUR INQUIRY, IN LIGHT OF A.G. OP. NO. 88-045, LEADS TO THE CONCLUSION THAT A FIRE PROTECTION DISTRICT WOULD NOT BE REQUIRED TO TERMINATE THE EMPLOYMENT OF THE SON OF THE RECENTLY ELECTED BOARD MEMBER, WHERE THE SON WAS EMPLOYED BY SUCH FIRE PROTECTION DISTRICT PRIOR TO THE ELECTION OF HIS FATHER.
THEREFORE, IT IS MY OPINION, BASED ON THE FOREGOING, THAT 21 O.S. 481 DOES NOT REQUIRE A FIRE PROTECTION DISTRICT TO TERMINATE THE EMPLOYMENT OF THE SON OF A RECENTLY ELECTED BOARD MEMBER, WHERE THE SON WAS PREVIOUSLY EMPLOYED BY SUCH FIRE PROTECTION DISTRICT PRIOR TO THE ELECTION OF THE BOARD MEMBER. IF YOU HAVE QUESTIONS ABOUT ANY OF THE FOREGOING, PLEASE FEEL FREE TO CONTACT ME.
(ROBERT T. RALEY)